IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THOMAS DEWEY EASTON<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID J. SHULKIN, in his official capacity as the Secretary of US Department of Veterans Affairs, CAROLINE M. HOWELL, FNP, individually and in her official capacity as employee of VA Eugene Clinic, KRISTOPHER G. KYES, individually and in his official capacity as DMV /Medical Programs Coordinator, and OREGON DOT/DMV,<br><br>　　　　Defendants. | Case No. 6:18-cv-00233-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

This matter comes before the Court on plaintiff's Motion for Leave to Amend and Reconsideration (doc. 24). For the reasons stated below, the motion is GRANTED in part and DENIED in part.

///

///

## BACKGROUND

The parties are familiar with the background facts of this case, which are discussed in the Court's October 9, 2018 Opinion and Order (the "October Opinion") granting the Motion to Dismiss that was filed by Kristopher G. Kyes and Oregon Department of Transportation/Department of Motor Vehicles ("Oregon DOT/DMV") (collectively, "State Defendants"). The Court will not retread them here.

In the October Opinion, the Court concluded that the Oregon DOT/DMV were entitled to sovereign immunity because it had not been waived in federal court and that the claims against Kyes were either proscribed by the Eleventh Amendment or lacked a constitutional basis under § 1983. Plaintiff filed his Motion for Leave to Amend and Reconsideration (the "Motion") on October 23, 2018. State Defendants filed their Response in Opposition on November 6, 2018.

## DISCUSSION

Plaintiff argues that the Motion should be granted because (i) "defendants DMV and Kyes . . . attempted to perpetrate a fraud on the Oregon Court of Appeals [because they alleged that plaintiff] had not followed agency rules to restore his driver's license" and (ii) plaintiff wants to add a new discrimination claim under the Americans with Disabilities Act ("ADA").

I.  *Motion for Reconsideration*

Plaintiff asks for reconsideration under Rule 60(b)(3) of the Federal Rules of Civil Procedure, which provides for reconsideration upon a showing of fraud.

Plaintiff argues that State Defendants attempted to defraud the Oregon Court of Appeals by making a false claim in their brief on October 9, 2018—the day this Court's October Opinion was issued. Plaintiff further states that he "does not oppose the stay of proceedings [in this Court] until the decision of the Oregon Court of Appeals [is filed]"—which implies that there is,

or was when he filed this motion, an ongoing state law proceeding. To the extent there was a fraudulent statement in the State Defendants' state court brief, that is best addressed to the state court itself. Thus, reconsideration based on Rule 60(b)(3) is improper.

Additionally, Ninth Circuit precedent indicates that reconsideration is proper when a district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citation omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

There is no allegation of error or injustice under (2), or that there has been a change in the law under (3). The only issue, then, is whether there is new evidence to consider under (1). A defendant's fraudulent briefing in a state court proceeding is not new evidence that warrants dismissal in federal court—particularly because the content of the October Opinion was unrelated to the alleged fraud. Accordingly, plaintiff's motion for reconsideration is denied.

II. *Motion for Leave to Amend*

Plaintiff also requests leave to file a Second Amended Complaint to add an ADA discrimination claim.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." A district court should apply the "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (internal quotation marks omitted). In determining whether to grant leave to amend, a district court should consider the presence of the following factors: (1) bad

faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

State Defendants' only argument is that the October Opinion dismissed all claims against them with prejudice—they provide no argument as to why the ADA claim shouldn't be added. Therefore, I am left to assess plaintiff's request without the benefit of State Defendants' position.

There is nothing in the record to support, and State Defendant do not argue for, a finding of bad faith, undue delay, or prejudice. Plaintiff's new ADA claim is also not futile because, unlike the claims discussed in the October Opinion, it is not barred by sovereign immunity. *United States v. Georgia*, 546 U.S. 151, 153 (2006). Therefore, consistent with the Ninth Circuit's admonition for amendment requests to be granted with liberality, *see Price*, 200 F.3d at 1250, plaintiff's request to file a Second Amended Complaint is granted.

## CONCLUSION

Plaintiff's Motion for Leave to Amend and Reconsideration (doc. 24) is GRANTED as to his request to file the Second Amended Complaint and DENIED as to his request for reconsideration.

IT IS SO ORDERED.

Dated this 18 day of December 2018.

_____
Ann Aiken
United States District Judge