IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

THOMAS DEWEY EASTON

    Plaintiff,

v.

DAVID J. SHULKIN, *et al.*

    Defendant.

Case No. 6:18-cv-00233-AA
**OPINION AND ORDER**

---

AIKEN, District Judge:

Plaintiff filed a Second Amended Complaint on January 28, 2019. Defendant Kyes and Defendant Oregon DMV/DOT have now moved to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules (doc. 29). For the reasons below, the motion is GRANTED.

Page 1 – OPINION AND ORDER

## BACKGROUND

The parties are familiar with the background facts of this case, which are discussed in the Court's October 9, 2018 Opinion and Order (doc. 23). After dismissing Plaintiff's claims against Kristopher G. Kyes and Oregon Department of Transportation and Oregon Department of Motor Vehicles ("Oregon DOT/DMV") (collectively, "State Defendants"), Plaintiff was given leave to amend his complaint to add an Americans with Disabilities Act ("ADA") claim. Plaintiff filed his second amended complaint on January 28, 2019 (doc. 28) but included many of his previously dismissed claims. State Defendants filed their motion to dismiss on February 11, 2019 (doc. 29).

## LEGAL STANDARD

To survive the motion to dismiss, Plaintiff's pleading must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic. v. Twombly*, 550 U.S. 544, 545 (2007). In considering the motion, this Court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Although the pleading standard under Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* at 550; see also Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

*Pro se* litigants are not held to the same standard as admitted or bar licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

## DISCUSSION

Defendants argue that Plaintiff has not presented a *prima facie* ADA discrimination claim and thus has failed to state a claim upon which relief may be granted.[1] I agree.

Title II of the ADA states that: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (quoting 42 U.S.C. § 12132). The ADA defines "public entity" as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12102(1) (1994). The ADA defines

---

[1] State Defendants have also moved for this Court to abstain under the abstention doctrines of *Younger* or *Pullman*. Plaintiff has informed the Court that all ongoing state proceedings have ended. *See* Notice of Finality and Declaration of Easton Regarding Finality of State Court Appeal (doc. 35). State Defendants' abstention request is therefore moot.

"disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (1994). To prove that the ADA was violated, a party must show: "(1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

With respect to the first element of an ADA discrimination claim, Plaintiff has not sufficiently alleged that he has been diagnosed with a disability within the meaning of the ADA. Plaintiff has stated repeatedly that he has a military service-connected disability but has not presented a diagnosis of a disability that satisfies the ADA definition. Thus, he has failed to meet this element of an ADA claim.

Even if Plaintiff did meet the first element, he fails to meet the fourth element of an ADA claim. Namely, that "such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Id.* Plaintiff states that his service-connected disability was a diagnosis of post-traumatic stress disorder ("PTSD") and depression. Pl. 2d amend. compl. The DMV revoked his license upon recommendation of a treating medical provider for a diagnosis of malignant

Page 4 – OPINION AND ORDER

hypertension. *Id.* Therefore, any denial of public service was not by reason of Plaintiff's alleged disability, and this claim may be dismissed on its merits for failure to state a claim upon which relief may be granted. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

Plaintiff's ADA retaliation claims against the VA and the DMV are likewise unsuccessful. An ADA retaliation *prima facie* case requires the plaintiff to show "(a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two." *T.B. ex rel. Brenneise v. San Diego Unified School Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (quoting *Emeldi v. University of Oregon*, 673 F.3d 1218, 1223 (9th Cir. 2012). The Supreme Court has held that the standard for the "causal link" is but-for causation. *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 351 (2013). But-for causation applies equally to ADA discrimination and ADA retaliation claims. *T.B. ex rel. Brenneise*, 806 F.3d at 473. Thus, but-for causation is the standard applied to ADA retaliation claims. *Id.*

Here, Plaintiff has failed to make a but-for causal connection. Oregon has a mandatory reporter statute for medical providers. OAR 735-074-0090(1). Therefore, the VA was unable to exercise discretion when reporting Plaintiff's health status to the DMV. Thus, the but-for causation required by law is broken by the interceding force of the mandatory reporting law. Further, Plaintiff has failed to sufficiently show that his claim could overcome this break in causation. The DMV thereafter had discretion to revoke Plaintiff's license when it received the VA's report. ORS

Page 5 – OPINION AND ORDER

809.419(3) ("The department may suspend the driving privileges of a person who is incompetent to drive a motor vehicle because of a mental or physical condition or impairment that affects the person's ability to safely operate a motor vehicle upon the highways"). Plaintiff claims that the DMV is retaliating against him for his "angry complaints" but has not shown that his angry complaints rather than the DMV's legal discretion when responding to a mandatory report caused the DMV to revoke his license. Plaintiff instead simply concludes that it does. This fails the but-for causation required by the ADA retaliation claim and therefore both his retaliation claim fails.

## CONCLUSION

State Defendants' motion (doc. 29) is GRANTED. Plaintiff's ADA claim against defendants Kyes and Oregon DMV/DOT is DISMISSED without prejudice. Plaintiff shall have 21 days to seek leave to file a third amended complaint by properly supported motion.

IT IS SO ORDERED.

Dated this 2nd day of July, 2019.

Ann Aiken
United States District Judge